## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**In Re:**

|  |  |  |
|---|---|---|
|  | : | **Case No. 10-50541** |
| **Michael S. Spillan** | : |  |
| **Melissa K. Spillan** |  |  |
|  | : | **Chapter 11** |
|  | : | **Judge Hoffman** |
| **Debtors** | : |  |

### MOTION FOR ORDER DISMISSING CHAPTER 11 CASE
### AND MEMORANDUM IN SUPPORT

Now comes the United States Trustee for Ohio/Michigan Region 9 and moves the Court for the entry of an order of dismissal of this Chapter 11 case pursuant to 11 U.S.C §§1112(b)(1), 1112(b)(4)(F) and (H), 1116, 521(a)(1), 109(h) and Fed. R. Bankr. P. 1007.

In support of this motion, the United States Trustee represents and alleges as follows:

1. The Debtors, pro se, commenced this Chapter 11 case by filing a voluntary petition under Chapter 11 on January 21, 2010. The Debtors are small business debtors as defined in 11 U.S.C. §101(51D) and checked the box indicating such on the petition.

2. The Debtors have failed to file with the petition or not later than 7 days thereafter the following required documents as small business debtors: their most recent balance sheet, statement of operations, cash flow statement and Federal income tax return or a statement made under penalty of perjury that no such statements have been prepared and no Federal

tax return has been filed. (See 11 U.S.C. §1116).

3. The Debtors have failed to file the following required documents pursuant to 11 U.S.C. §521(a)(1) and/or Fed. R. Bankr P. 1007 and LBR 1015-2: certification of compliance concerning copies of payment advices for 60 day period prior to filing; Local Rule Form 1015-2 - Statement of Related or Companion Cases; Form 21 - Statement of Social Security Number; and List of 20 largest unsecured creditors..

4. On January 21, 2010 , the Clerk of Court sent a Notice of Deficient Filing to the Debtors (Doc. No. 4) relative to, among other things, the List of 20 largest unsecured creditors, Form 1015-2 - Statement of Related or Companion Cases and Form 21 - Statement of Social Security Number(s). The Notice provides the Debtors with Fourteen (14) days to comply and , absent full compliance, the case shall be presented to the court for immediate dismissal or sanctions.

5. The Debtors have not corrected the deficiencies as of February 16, 2010, well beyond the Fourteen (14) day deadline.

6. The Debtors filed a prior chapter 13 case with this court, case number 09-55094. The chapter 13 trustee's objection to confirmation based on lack of good faith, among other grounds, was sustained by the court and the case was dismissed by Order entered August 19, 2009 (Doc. No. 19). The chapter 13 case was not disclosed on the instant petition at page 2 as required under the section entitled "All Prior Bankruptcy Cases Filed Within Last 8 Years " and pursuant to LBR 1015-2 and Form 1015-2.

7. The Debtors may not be eligible to be debtors as they did not obtain the required pre-petition credit counseling service required under 11 U.S.C. §109(h)(1) and the certification filed

with the court that describes "exigent" circumstances may not merit a waiver of the credit counseling requirement as such "exigent" circumstances may not be satisfactory to the Court pursuant to 11 U.S.C. §109(h)(3) . The Debtors assert in their respective Certifications filed with the court that "(w)e made payment by credit card to a service that was deducted twice from our account online but which has not somehow posted to that company. We cannot afford to pay this three times right now the bank will re-posit it to our account when the 'authorization' drops off in a few days and we can try again to take the class online and then by phone, but until then we afford to pay that and the filing fee."  (Doc. Nos. 5 and 6).                            .

      8. The Debtors have failed to respond to the UST's Initial Debtor Interview (IDI) scheduling letter dated January 28, 2010.  The Debtors are required to attend this IDI meeting pursuant to 11 U.S.C. §1116(2). Debtors' failure to respond to the scheduling letter impairs the UST's statutory duty to conduct this meeting in small business cases pursuant to 28 U.S.C. § 586 (a)(7) in order to investigate the debtor's viability and explain the UST's operating instructions and reporting requirements, among other things.

WHEREFORE, the United States Trustee respectfully requests the entry of an order dismissing this case, (with a judgment in favor of the UST for all statutory fees due and owing to the United States Trustee) or in the alternative if the Court deems the Debtors eligible debtors under §109(h)(3)(A), converting this Chapter 11 case to a case under Chapter 7 of the United States Bankruptcy Code pursuant to §§ 1112(b)(1) and (b)(4)(F)and (H) of the Code.

        Respectfully submitted,

        Daniel M. McDermott
        United States Trustee
        Ohio/Michigan Region 9

        By: /s/ Lawrence J. Hackett
          Lawrence J. Hackett
          Attorney
          Office of the U.S. Trustee
          170 North High Street, Ste. 200
          Columbus, OH 43215
          (614) 469-7411 ext 211
          E-mail: Larry.hackett@usdoj.gov

**MEMORANDUM IN SUPPORT**

.   CAUSE EXISTS TO DISMISS OR CONVERT THIS CASE

11 U.S.C. section 1112(b)(1) provides in relevant part that:

Except as provided in paragraph (2)[1] of this subsection ... on request of a party in interest

---

[1] "(t)he relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that - (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time: and (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) - (I) for which there exists a reasonable justification for the act or omission: and (ii) that will be cured within a reasonable period of time fixed by the court."

and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause. (Emphasis added).

>Section 1112(b)(4) defines cause, in relevant part as:

>>unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; and

>>failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

>*See,* 11 U.S.C. §1112(b)(4),(F) and (H) respectively.

The facts set forth in the Motion of the United States Trustee demonstrate that the Debtors are not viable chapter 11 candidates and that cause exists to dismiss this case. Specifically, the Debtors have failed to comply with the following fiduciary duties: 1) file with the petition or not later than 7 days thereafter the following required documents as small business debtors: their most recent balance sheet, statement of operations, cash flow statement and Federal income tax return or a statement made under penalty of perjury that no such statements have been prepared and no Federal tax return has been filed. (See 11 U.S.C. §1116); 2) file the following required documents pursuant to 11 U.S.C. §521(a)(1) and/or Fed. R. Bankr P. 1007 and LBR 1015-2:certification of compliance concerning copies of payment advices for

60 day period prior to filing; Local Rule Form 1015-2 - Statement of Related or Companion Cases; Form 21 - Statement of Social Security Number; and List of 20 largest unsecured creditors (The Debtors have not corrected these deficiencies as of February 12, 2010, well beyond the Fourteen (14) day deadline set forth in the Clerk's Deficiency Notice (Doc. No. 4); and 3) The Debtors' prior chapter 13 case was not disclosed on the instant petition at page 2 as required under the section entitled "All Prior Bankruptcy Cases Filed Within Last 8 Years " and pursuant to LBR 1015-2 and Form 1015-2 ,which Form has not been filed to date. The Debtors overall conduct and performance as set forth above constitutes cause for dismissal or conversion to Chapter 7 pursuant to 11 U.S.C. §1112(b)(4) (F).

The Debtors have failed to respond to the UST's Initial Debtor Interview (IDI) scheduling letter dated January 28, 2010. The Debtors are required to attend this IDI meeting pursuant to 11 U.S.C. §1116(2). Debtors' failure to respond to the scheduling letter impairs the UST 's statutory duty to conduct this meeting in small business cases pursuant to 28 U.S.C. § 586 (a)(7) in order to investigate the debtor's viability and explain the UST's operating instructions and reporting requirements, among other things. Debtors' failure to attend a reasonably requested meeting with the UST is grounds for dismissal or conversion pursuant to 11 U.S.C. §1112(b)(4)(H).

It is well established that debtors who fail to perform their functions may not utilize Chapter 11 to prolong control over their estate when there is no benefit to the public or creditors. *See*, *In re Hi-Toc Development Corp.*, 159 B.R. 691, 693 (S.D.N.Y. 1993). "Neither the court nor creditors should have to coerce or implore a debtor into fulfilling the obligations imposed upon it." *See, In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ill. 1991). Remaining in Chapter 11 is a privilege which carries with it concomitant responsibilities

which include timely compliance with the U.S. Bankruptcy Code and the UST Guidelines and Requirements.

This case was filed approximately 3 weeks ago and the Debtors have still not complied with their fiduciary duties as outlined above. Such conduct leaves the UST, creditors and the Court in the dark as to the status of the case, and is prejudicial to the creditors. The Debtors cannot be permitted to enjoy the benefits of bankruptcy protection without complying with the Bankruptcy laws or the UST's requirements.

Finally, the Debtors may not be eligible to be debtors as they did not obtain the required pre-petition credit counseling service required under 11 U.S.C. §109(h)(1) and the certification filed with the court that describes "exigent" circumstances may not merit a waiver of the credit counseling requirement as such "exigent" circumstances may not be satisfactory to the Court pursuant to 11 U.S.C. §109(h)(3) . The Debtors assert in their respective Certifications filed with the court that "(w)e made payment by credit card to a service that was deducted twice from our account online but which has not somehow posted to that company. We cannot afford to pay this three times right now the bank will re-posit it to our account when the 'authorization' drops off in a few days and we can try again to take the class online and then by phone, but until then we afford to pay that and the filing fee."  The UST posits that the Debtors said Certification of exigent circumstances is not sufficient to merit a waiver of the credit counseling requirement and therefore the debtors are not eligible to be debtors. Hence, the case must be dismissed pursuant to 11 U.S.C §§109(h) and 1112(b)(1).

## IV.  CONCLUSION

The UST has demonstrated that sufficient cause exists to dismiss this case under 11 U.S.C. §1112(b)(1). The pro se Debtor are enjoying the benefits of bankruptcy protection without complying with the requirements of the Bankruptcy Code or the UST Guidelines.  In short, the Debtors refuse to "play by the rules" or absent counsel are incapable of such.

Accordingly, this case should be dismissed, (with a judgment in favor of the UST for all statutory fees due and owing to the UST), or in the alternative converted to Chapter 7 so long as the Court deems the Debtors to be eligible debtors under 11U.S.C. §109(h) (3)(A).

                Respectfully submitted

            Daniel M. McDermott
            United States Trustee
            Ohio/Michigan Region 9

            By: /s/ Lawrence J. Hackett
              Lawrence J. Hackett
              Attorney
              Office of the U.S. Trustee
              170 North High Street, Ste. 200
              Columbus, Ohio 43215
              (614) 469-7411 ext 211
              E-mail: Larry.hackett@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2010, a copy of the foregoing **MOTION BY UNITED STATES TRUSTEE TO DISMISS OR ALTERNATIVELY CONVERT CASE TO CHAPTER 7** was served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the court:

Lawrence J. Hackett larry.hackett@usdoj.gov

Brenda K Bowers bkbowers@vorys.com

Mark R Lembright Mlembright@feltyandlembright.com


And by ordinary U.S. mail to :

Melissa K. Spillan
1018 Greythorne Place
Columbus, OH 43230

Michael S. Spillan
1018 Greythorne Place
Columbus, OH 43230


 list of 20 largest unsecured creditors (yet to be filed by Debtors)

> By:/s/ Lawrence J. Hackett
> Lawrence J. Hackett